IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**PHYLLIS KENDALL**  **PLAINTIFF**

**VS.**  **CIVIL ACTION NO. 3:08CV676-DPJ-LRA**

**MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.**  **DEFENDANT**

<u>ORDER</u>

This cause came before the Court for hearing upon the Motion to Quash Subpoena and for Protective Order [#30] filed by the Mississippi Board of Nursing, a non-party. The hearing was conducted before the undersigned on October 14, 2009, and the parties were directed at that time to file additional briefing. A Supplemental Motion to Quash Subpoena and for a Protective Order [#39 & #40] was filed on October 23 & 26, 2009.

At issue is the subpoena served by Plaintiff upon Melinda E. Rush, Executive Director of the Mississippi Board of Nursing, requesting that the Board produce:

> The complete file on Phyllis Kendall, including but not limited to information in her personnel file, medical, legal, and/or disciplinary records, medical reports, and any other records relating to her.

This request would include the records contained in the investigative files of the Mississippi Board of Nursing, if such records exist.

MISS. CODE ANN. § 73-15-31(3) (1972), as amended, prohibits the Board by statute from disclosing any information contained in the investigative files of the Mississippi Board of Nursing.

The status of a nurse's license, and the existence of any disciplinary action taken by the Board, are public record, and may be obtained by making a public records request. Section 73-15-31(3) specifically provides:

> (3) All records of the investigation and all patient charts, records, emergency room records or any other documents that may have been copied shall be kept confidential and shall not be subject to discovery or subpoena. ...

The Board contends that a disclosure of its investigative files would compromise its ability to conduct future investigations. It also contends that Plaintiff is using the Board as a "sword and a shield," and that the information is protected by the Work Product Doctrine. It asserts the work product provision contained in MISS. CODE ANN. § 25-1-102 (1972)(as amended) as protecting its investigatory records. Finally, the movant urges that the confidentiality provided by the Nurse Practice Act be upheld; the failure to do so would have a chilling effect on the Board's attempts to protect the public.

In response, Plaintiff contends that she needs to know what information was provided by these Defendants to the Board of Nursing. Although she received medical records provided by Defendants, she wants the actual notes made by the Board that detail what was mentioned in the oral complaint that started the investigation. This information could not be acquired through a public records request. Plaintiff has learned through

discovery that Bobbie Ware made the complaint to the Board, and Ms. Ware has been deposed. Plaintiff requests the Board's investigative file "simply... to determine if Ms. Ware was being truthful in her deposition." Plaintiff's Response, document 32, p. 2.

The information requested is not privileged under federal law, although MISS. CODE ANN. § 73-15-31 exempts all records of the Nursing Board's investigations under state law. These state exemptions are not controlling on this court, as federal courts apply federal common law to determine the existence and scope of a privilege. **Coughlin v. Lee**, 946 F.2d 1152, 1159 (5th Cir. 1991) (citing Fed.R.Evid. 501). Notwithstanding the preeminence of federal law, "[t]he Courts have nonetheless recognized that polices of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions." In re N.Y. Tax Records, 468 F.Supp. 575, 577 (N.D.N.Y. 1979).

In ACLU v. Finch, 638 F.2d 1336, 1345 (5th Cir. 1981), the Fifth Circuit instructed that courts balance the policies behind a state enacted privilege and the policies favoring disclosure. A two-part test was created, requiring the Court to inquire: (1) Does the fact that state courts would recognize the privilege create good reason for respecting the privilege?; and (2) Is the privilege intrinsically meritorious in the Court's independent judgment? Id. At 1343.

The undersigned has considered the Finch factors and finds that the State's interest in maintaining the Nursing Board's confidentiality provisions outweighs the probative value of Plaintiff's attempts to impeach witnesses. If the public, or other healthcare workers or facilities, are not assured that their reporting is confidential, discovery of infractions may be missed or delayed. The State has a high interest in maintaining the integrity of the nursing profession, and the statutory privilege created by the legislature was designed to promote that goal. Plaintiff has had the opportunity to fully depose the witnesses involved in the reporting to the Board; there is little additional probative value in forcing the Board to reveal its investigatory notes and records.

The undersigned finds that the privilege created by the State is meritorious and should be upheld in this case. Privileges represent society's desire to protect certain relations. "One of the principles behind privileges is that the harm to the relationship protected by the privilege is greater than the benefit gained through complete disclosure." Republic Ins. Co. V. Davis, 856 S.W.2d 158, 163 (Tex. 1993) (citing 8 J. Wigmore, Wigmore on Evidence § 2285 at 527 (McNaughton rev. 1961). This privilege fosters the integrity of the healthcare profession and should be upheld unless urgent circumstances exist.

IT IS, THEREFORE, ORDERED that the Mississippi Board of Nursing's Motion to Quash Subpoena and for a Protective Order [#30], and Supplemental Motion [#39 & 40], are **granted.**

SO ORDERED, this the 15th day of December, 2009.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE