UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PHYLLIS KENDALL                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:08cv676-DPJ-LRA

MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.                                          DEFENDANT

ORDER

This employment dispute is before the Court on appeal [46] from Magistrate Judge Linda Anderson's Order [45] quashing a subpoena for documents, including investigative files, in the possession of the Mississippi Board of Nursing. Citing Mississippi Code Annotated § 73-15-31(3), Magistrate Judge Anderson noted that such documents are not subject to discovery under Mississippi law. Judge Anderson then considered whether this court should recognize the statutory privilege consistent with the balancing test addressed in *ACLU v. Finch*, 638 F.2d 1336, 1345 (5th Cir. 1981). The magistrate judge concluded that production of such documents would create a "chilling effect" not outweighed by Plaintiff's need for the documents. Plaintiff disputes the conclusion.

Rule 72(a)(1) of the Uniform Local Rules allows an appeal of a magistrate judge's order. Rule 72(a)(1)(B) provides that

> [n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see*

*also* FED. R. CIV. P. 72(a).

It is first important to note that Plaintiff makes no suggestion that Judge Anderson applied the wrong standard, and she offers no new arguments, facts, or authority. Rather, she contends that the order incorrectly weighs the issues for essentially the same reasons Judge Anderson previously rejected. The weighing of interests in this regard is a "particularistic and judgmental" exercise for which the court is given "considerable leeway." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 570-71 (5th Cir. 2006). Judge Anderson's weighing of the factors in this case was not clearly erroneous.

Finally, Plaintiff argues in her appeal that the requested evidence is relevant to her state law claims for defamation and false light. Pl.'s Mot. [46] at 7. If so, then state law would apply as to any claimed privilege. Rule 501 of the Federal Rules of Evidence states in relevant part that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. Thus, the subpoenaed documents are privileged with respect to Plaintiff's state law claims. This issue was not addressed by the parties, but it buttresses the conclusion that the subpoena was correctly quashed.

IT IS, THEREFORE, ORDERED, that Plaintiff's appeal [46] is DENIED.

IT IS FURTHER ORDERED, that the stay [47] as to pending motions is lifted and that Plaintiff's response to Defendant's motion for summary judgment [36] is due April 13, 2010.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE